Parker, J.
The appellant 'Humes having first obtained leave to build a mill at the point No. 2. in the map annexed to the record, (the parties admitting that *336 to be the place to which the proceedings of the county court on the appellant’s petition apply) and it being manifest, upon the proof, that a mill erected at No. 1. with a dam 8 feet 9 inches high, would destroy the privilege to build at No. 2. I think that the court ought, after granting leave to Humes, to have refused leave to Shugart, in the exercise of a sound discretion. The first order in favour of Shugart had been reversed and annulled by the superior court, and the case remanded to the county court for further proceedings. It was therefore as if it never existed, except that it might have been a reason with the county court for delaying a decision upon Humes’s application, until a final decision upon Shugart’s. But the court made the order giving leave to Humes on the 25th of October 1833, and that order was in full force, unreversed and not appealed from, when the order in favour of Shugart was made on the 22d of May 1834, from which the appeal was taken to the superior court, where the order was affirmed. In my opinion, the court ought to have reversed that order, not only on account of its interference with the privilege previously granted to Humes, the owner of the land on both sides the stream, but because the destruction of a valuable millsite owned by Humes at No. 2. proved to be worth from 800 to 1000 dollars, ought to have been taken into the estimate of the jury in awarding damages to Humes, notwithstanding he was the proprietor of another seat for water machinery higher up the stream at No. 6. as good or better than the one at No. 2.
The only difficulty in the case is, that the appellant is stated to have waived “ all errors existing in the record, subsequent to the judgment of the circuit court reversing the first judgment of the county court and sending the cause back for further proceedings.” The object could not have been to waive the error of the superior court in affirming against the evidence which *337 it was then hearing. The waiver was probably made before the witnesses were examined, and was intended to apply to the proceedings as they appeared on the record of the county court. After this entry, some evidence appears to have been taken, and some admisr sions were made for the purpose of bringing the case fully and fairly before this court; and it would be absurd to suppose that the appellant or his counsel intended to waive all errors in a proceeding he was about to appeal from. This entry, therefore, ought not to stand in the way of deciding the cause upon its merits; and upon those merits, I am of opinion that the order of the county court in favour of Shugart ought to have been reversed, and his petition dismissed with costs, and consequently that the judgment of the superior court affirming that order ought to be reversed.
But this judgment is not intended to prevent any new proceeding on the part of Shugart, to erect a dam which will only throw back the water in such manner as to leave the privilege granted to Humes unimpaired and unaffected.
Stanard and Cabell, J. concurred.